

**FILED & ENTERED**

**APR 17 2026**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY evangeli  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Ashot Gevork Egiazarian<br><br><div align="right">Debtor(s).</div> | Case No.: 2:25-bk-13838-BB<br><br>CHAPTER 7<br><br>**ORDER DENYING DEBTOR'S MOTION TO DISQUALIFY SPECIAL COUNSEL LOUCAS HAVIARAS/HAVIARAS & PHILIPPOU LLC AND MPH LAW SERVICES LIMITED**<br><br>(No hearing noticed) |

The Court, having reviewed and considered the motion of debtor Ashot Gevork Egiazarian (the "Debtor") to disqualify Loucas Haviaras, Haviaras & Philippou LLC and MPH Law Services Ltd. (collectively, the "Attorneys") from serving as special counsel to the chapter 7 trustee in the above case (the "Trustee") filed April 13, 2026, as docket no. 217 (the "Motion"), hereby makes the following findings of fact and conclusions of law:

1.  The Trustee moved for authority to retain the Attorneys as his special counsel in the Republic of Cyprus by application filed and served July 7, 2025, as docket no. 29 (the "Application").

2. The Application was served electronically on Debtor's then counsel of record on July 7, 2025.

3. As set forth in the Application, the deadline for the filing of oppositions to the Application was 14 days after service of the Application, or July 21, 2025.

4. Debtor did not file an opposition to the Application by July 21, 2025.

5. The Court resolved the timely opposition to the Motion filed by the Debtor's ex-wife and entered an order granting the Application on September 15, 2025 [Docket No. 94].

6. Debtor neither served notice of the date, time and place of a hearing on the Motion nor utilized the procedures necessary to have a motion determined upon notice of and opportunity to request a hearing, as required by the provisions of Local Bankruptcy Rule 9013-1.

7. The prior representations that the Debtor claims disqualify the Attorneys from serving as special counsel for the Trustee all occurred before the deadline for filing oppositions to the Application, and the Debtor was aware of these prior representations at the time the Application was served.  Thus, there is no reason for this Court to consider what is, in effect, an objection to the Application filed almost 8 months after the deadline for the filing of such objections passed.

8. Bankruptcy Code section 327(e) expressly permits the trustee to employ for a specified special purpose "an attorney that has represented the debtor," if such employment is in the best interest of the estate and the attorney does not (currently) hold or represent an interest adverse to the debtor or the estate with respect to the matter for which he is to be employed.

9. The Trustee disclosed in the Application that the Attorneys had previously represented the Debtor in connection with matters that the firm would be handling for the Trustee:

> To ensure full and proper administration of assets of the Debtor's estate, the Trustee must participate in various international proceedings already

pending, and may need to initiate other such proceedings. Among the pending proceedings are:

(a) Winding Up Application of NGY Holdings Limited - No. IJ 559/22 with the District Court of Nicosia;

(b) Application to restore NGY Holdings Limited - IJ 106/2025 with the District Court of Nicosia;

(c) Appeal No. IJ 69/23 against the interim judgement dated 05/10/2023 issued by the District Court of Nicosia in the context of Winding Up Application IJ 559/22 (see below) for the appointment of a provisional liquidator;

(d) Norwich pharmacal action and application IJ 1173/24 with the District Court of Nicosia filed on behalf of the Debtor against the service provider of Mikhail Fridman;

(e) Action 1103/19 with the District Court of Nicosia, by Suren Eyiazaryian against the Debtor, Dovroco Limited, MPH Law Services and Skendleby Investments Limited for unjust enrichment (186,600,000 USD); and

(f) Application in aid of foreign proceedings no. 21Φ/2024 with the District Court of Nicosia. Application submitted by on behalf of the Debtor and Natalia Tsagolova, against Skendleby Investments Limited, Dovroco Limited and Suren Eyiazaryian in aid of the US proceedings 20STFL03636, California.

Some of these matters involve entities which themselves may be, at least in part, property of the estate, and that either directly or indirectly hold assets that may be property of the estate, including NGY Holdings Limited and Skendleby Investments Limited. Other matters were previously initiated by or against the Debtor, and may need to be pursued on behalf of the estate, or at a minimum monitored. The Firm is very familiar with all of these matters, as it has previously represented the Debtor in connection therewith, and in general has been the legal advisor of the Debtor in the Republic of Cyprus since 2008. Therefore, the Trustee seeks to engage the Firm to render legal services in the Republic of Cyprus, to assist with the pending proceedings, as well as any other issues or proceedings that may need to be addressed in the Republic of Cyprus, as needed.

***

Here, the Firm does not hold any interest adverse to the Debtor or the estate with regard to the matters pending in the Republic of Cyprus. It did previously represent the Debtor in connection with matters in that country. However, the Trustee believes that this actually provides a benefit to the estate, for several reasons. First, because the Firm is already familiar with the matters in the Republic of Cyprus, it does not need to spend the time – or expend estate resources – learning the background necessary to commence with representation of the Trustee. Second, the Firm obtained information in connection with its prior representation of the

Debtor that it believes will be useful in connection with efforts to preserve and recover the Debtor's assets for the benefit of the estate.

10.     The Debtor's objection to the employment of the Attorneys appears to be, at least in part, his concern that, during the course of their representation of him, the Attorneys "obtained confidential information about the Debtor's assets, strategies, and vulnerabilities" and could now use that knowledge as special counsel to the Trustee against him.  See Motion, p. 6 of 107, last paragraph.  The Debtor is confused as to the nature of the services being performed by the Attorneys.  They were employed to assist the Trustee in asserting rights as against third parties for the benefit of the estate that the estate acquired when it stepped into the Debtor's shoes at the time of the bankruptcy filing.  There is nothing inappropriate about the Debtor's former counsel using the knowledge and experience that it obtained during the course of its representation of the Debtor to enable the Trustee to maximize the value of assets available to satisfy claims against the estate.

11.     The Debtor complains further that, "On or about April 6, 2026, MPH Law Services Limited – Mr. Haviaras's own nominee company – filed an application in a Cyrus court proceeding without the Debtor's knowledge and without any written instruction from the Debtor."  Motion, p. 4 of 107, last paragraph.  This is as it should be. It was a condition of the Attorneys' employment, and it was expressly discussed at the hearing on the Application, that the Attorneys would be taking direction **from the Trustee and not from the Debtor** in connection with the matters for which they were to be employed.  When the Debtor filed chapter 7, subject to the Debtor's ability to retain exempt assets, "all legal or equitable interests of the debtor in property" that existed as of that date became property of his bankruptcy estate under the control of the Trustee. 11 U.S.C. § 541(a).

12.     The Trustee is the party authorized to administer assets of the Debtor's bankruptcy estate – not the Debtor.  Attempts by the Debtor to interfere with the Trustee's administration of these assets, to exercise control over assets that now

belong to his bankruptcy estate or to divert to his own personal use assets that belong to his bankruptcy estate are not only violations of the automatic stay under Bankruptcy Code section 362(a)(3), they may also constitute violations of Section 152 of Title 18 of the United States Code for which fines, imprisonment, or both, may be imposed.

13.     The Debtor states in paragraph 11 of the declaration that he filed in support of the Motion that he received an email on April 12, 2026, from counsel for the Trustee in which counsel says, "this should help us to get a deal finalized with Natalia." The Debtor then goes on to complain, "I was not aware of any negotiations between the Trustee's team and Ms. Tsagolova. These negotiations were not disclosed to me or to this Court." The Debtor is mistaken.  Counsel for both the Trustee and Ms. Tsagolova have disclosed to the Court on several occasions over the course of the last few months that they have been engaged in negotiations in an effort to resolve consensually the issues that exist between them. It is unclear why the Debtor feels entitled to be kept apprised of the existence or status of these negotiations. The Trustee has no duty to keep the Debtor in this or any other loop. The Trustee is the party with authority to administer assets of the Debtor's bankruptcy estate, not the Debtor.  And, in any event, no compromise as between Ms. Tsagolova, on the one hand, and the Trustee and the estate, on the other, will be binding or become effective unless and until it has been approved by the Court after notice and an opportunity for hearing under Bankruptcy Rule 9019.

14.     Nothing contained in the Motion or in the accompany declaration identifies any respect in which the Attorneys have been acting contrary to the interests of the estate.

In light of the foregoing, **IT IS HEREBY ORDERED** that the Motion is **DENIED** on both substantive and procedural grounds.

# # #

Date: April 17, 2026

Sheri Bluebond
United States Bankruptcy Judge